## EX PARTE FORREST GAITHER JR.

No. 10633.   Delivered November 24, 1926.

**Habeas Corpus—Bail Denied.**

Where, on a Habeas Corpus hearing to secure bail, the proof of a capital offense is presented by the state, the relator is not entitled to bail, and the refusal of the trial court to grant appellant bail in this case is affirmed.

Appeal from the District Court of Fort Bend County. Tried below before the Hon. M. S. Munson, Judge.

Appeal from an order on a habeas corpus hearing, denying appeal bail on a murder charge.   Affirmed.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Charged by indictment with the murder of T. J. Wells, relator, by way of habeas corpus, sought release on bail. From the opinion of the district judge denying bail, the appeal is prosecuted.

We will make no detailed statement of the evidence. According to the state's witnesses, the relator was sitting near a wagon when the deceased Wells and one Harold walked up and started a conversation with him and Admiral. The relator's feet slipped off the wagon tongue, and in the fall he dropped his pistol. He appeared to be intoxicated and indulged in abusive and threatening language towards the deceased, who walked away towards the guard house. A few moments later the deceased was killed by the relator. The body revealed one gun shot, entering the back near the shoulder blade and coming out in the breast. According to the state's witnesses, the deceased was unarmed and made no threats; and that the time he walked away until he was shot and killed was not sufficient for him to have gone to the guard house and armed himself. The justice of the peace and others who were called to the scene soon after the tragedy took place and one witness who, according to his testimony, saw the relator and deceased near each other shortly before the shots were fired, declared that the deceased was unarmed; that a search about the scene of the difficulty failed to disclose the presence of any gun or arms save that possessed by the relator. One of the witnesses introduced by the relator gave evidence to the effect that the deceased went to the guard house and got a

shotgun before he was killed. Another witness testified that several hours after the homicide a shotgun was found in the vicinity where the shooting took place.

Upon the record as presented, we do not feel warranted in overturning the conclusion reached by the trial judge that there was proof evident of a capital crime.

The judgment is affirmed.

*Affirmed.*